IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| D.G., by and through LOIDY TANG as Next Friend, individually and on behalf of a class, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| WILLIAM W. SIEGEL & ASSOCIATES, ATTORNEYS AT LAW, LLC, | ) ) ) |
| Defendant. | ) ) |

**COMPLAINT-CLASS ACTION**

**INTRODUCTION**

1. Plaintiff, D.G. (a minor) by and through Loidy Tang as Next Friend ("Plaintiff"), brings this action individually and on behalf of a class defined herein against Defendant Willaim W. Siegel & Associates, Attorneys at Law, LLC, ("Defendant").

2. The Defendant debt collection agency improperly called Plaintiff using a predictive dialer accompanied with a prerecorded voice message on Plaintiff's and the members of the class cellular telephones without Plaintiff's express prior consent in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). Plaintiff also bring an individual claim under the Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq.* ("FDCPA") as Defendant's prerecorded voice message failed to make a meaningful identification of its business name and failed to inform Plaintiff that it was a communication from a debt collector.

**JURISDICTION AND VENUE**

3. This Court has jurisdiction under 28 U.S.C. § 1331 (Federal Question), 28 U.S.C. § 1337 (Interstate Commerce); 15 U.S.C. §1692k ("FDCPA"); and 47 U.S.C. § 227 ("TCPA") *Brill v. Countrywide Home Loans, Inc.,* 427 F.3d 446 (7th Cir. 2005).

4. Venue and personal jurisdiction over Defendant in this District is proper because:

    a. Plaintiff resides in the District;

    b. Defendant transacts business in the District via the telephone lines; and

    c. Defendant's collection activities complained of occurred within the District; and

**PARTIES**

5. Plaintiff is an individual who resides in the Northern District of Illinois.

6. Willaim W. Siegel & Associates, Attorneys at Law, LLC, is a New York Professional Service Limited Liability Company with an office located at Seven Penn Plaza, Suite 1500, New York, New York 10001. Service of process in Illinois can be made on Defendant at Illinois Corporation Service C, 801 Adlai Stevenson Drive, Springfield, IL 62703.

7. Defendant is engaged in the practice of attempting to collect debts that are in default through telephone phone calls.

8. Defendant is a debt collector as defined in 15 U.S.C. § 1692a(6) in regard to its conduct complained of herein.

**FACTS**

9. Plaintiff has a cellular telephone assigned the telephone number XXX-XXX-3757. The first seven digits of Plaintiff's cellular telephone number are redacted herein due to privacy considerations.

10. Defendant uses one or more telephone systems that are capable of dialing telephone numbers without human intervention (i.e. the system, rather than a human being, dials the digits to make telephone calls.) For purposes of this complaint, such a telephone system will be referred to as a Predictive Dialer.

11. Upon information and belief, one or more of defendant's calls to XXX-XXX-3757 was made using a Predictive Dialer.

12. Upon information and belief, a Predictive Dialer dialed phone number XXX-XXX-3757 for one or more of defendant's calls to that number.

13. Upon information and belief, one or more of the Predictive Dialer(s) defendant uses are capable of delivering a "form" or "stock" audio message that has been previously recorded. In other words, the same recording (or copy thereof) message is used over and over for different calls. For purposes of this complaint, such a message shall be referred to as a "Prerecorded Message."

14. Further, upon information and belief, one or more of defendant's Predictive Dialer(s) that uses Prerecorded Messages is also capable of using text-to-speech customization to insert, for example, the name of the person whom Defendant is trying to reach into the message. For purposes of this complaint, the inserted portion of the message is referred to as an "Artificial Voice."

15. On information and belief the Predictive Dialer is programmed with software that uses an algorithm which determines to dial in sequence telephone numbers telephone numbers that have been imputed into a data base; in short the Nobel Predictive Dialer dials one number and then moves on to the next number in the database, not calling the same number over and over.

16. Defendant left the following message on plaintiff's voice mail:

Message for Kimberly Nelson. If you are not Kimberly Nelson, please hang up or disconnect now if you are Kimberly Nelson, please continue to listen to this message. You should not listen to this message in public as this pertains to personal and private information there will now be a three second pause in this message to allow you to listen in private [disconnects]

17. Portions of this message were a Prerecorded Message, as defined herein.

18. Portions of this message were made with an Artificial Voice.

19. Upon information and belief the placement of the name "Kimberly Nelson" is text-to-speech customization that inserts, in part, the person's name of whom Defendant was trying to reach into the form prerecorded message and a reference number Defendant has assigned to that person's account.

20. Defendant has no relationship with plaintiff.

21. Plaintiff does not know who Kimberly Nelson is.

22. The telephone number 877-247-6116 is a number used by Defendant. On information and belief a person who calls 877-247-6116 their phone call is connected to a call center located in India, which is operated and/or controlled by defendant. Upon information and belief, defendant uses the services of Livevox or Soundbite, or some similar company that performs dialing services.

4

23. On information and belief, given that one purpose of a Predictive Dialer is to reach a large volume of persons quickly, Defendant has called thousands of other consumers using its Predictive Dialer(s). More than fifty of these calls were to cellular telephones.

24. On information and belief, given that one purpose of a Prerecorded Message is to promote uniformity of messages to multiple debtors and to provide that message to multiple call recipients quickly, Defendant has used Prerecorded Messages in calls with thousands of consumers other than plaintiff. More than fifty of these calls were to cellular telephones.

25. On information and belief, given that one purpose of an Artificial Voice is to permit defendant to personalize large volumes of Prerecorded Message calls, Defendant has used an Artificial Voice in calls to thousands of consumers other than plaintiff. More than fifty of these calls were to cellular telephones.

26. Defendant is a member of The Association of Credit and Collection Professionals ("ACA International").

27. ACA International has stated that, "[I]t is clear [the FDCPA and TCPA] apply to consumers and non-consumers. Therefore, collectors should take steps to scan their collection lists and ensure debt collectors are contacting the correct consumer."

28. Upon information and belief, based upon the fact that plaintiff, a non-debtor, received calls made with a Predictive Dialer, that used Prerecorded Voice Messages and Artificial Voices, whatever steps defendant has taken to ensure it is contacting the correct consumer are insufficient.

5

29. ACA International has also concluded that, "[E]rroneously dialed numbers likely are not exempted from the [TCPA and FCC regulations] pertaining to autodialers and prerecorded messages. Thus, a debt collector may face liability under the TCPA and corresponding FCC regulations for autodialed and prerecorded message calls placed to the wrong individual.").

30. Defendant could have determined that the telephone number ending in 3757 that it dialed was a cellular telephone number. *See e.g.*, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991 Request of ACA International for Clarification and Declaratory Ruling*, GC Docket No. 02-278, p. 9 n. 54 (Jan 4, 2008) ("*See 2003 TCPA Order*, 18 FCC Rcd at 14117, para. 170. *See also* DMA Wireless Number Suppression List at http://preference.the-dma.org/products/ wireless.shtml. Neustar also has available a service that provides data on numbers ported from wireline to wireless service on a daily basis. *See* http://www.tcpacompliance.com/.").

## COUNT I
## CLASS ALLEGATION
## TCPA VIOLATION

31. Plaintiff incorporates paragraphs 1-30 above.

32. The Telephone Consumer Protection Act, 47 U.S.C. § 227 provides in pertinent part:

> (b) Restrictions on use of automated telephone equipment.
> > (1) Prohibitions. It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States–
> > > (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice–

6

> \*\*\*
> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call; . . .

33. Defendant's phone calls to Plaintiff and the Class' cellular telephones using automatic telephone dialing systems and/or an artificial or prerecorded voice, as proscribed by the TCPA was negligent. Alternatively, the violations were willful.

## TCPA CLASS ALLEGATIONS

34. Plaintiff brings this class action seeking damages on behalf of a class pursuant to FED. R. CIV. P. 23(a) and 23(b)(3).

35. Plaintiff also brings this class action seeking declaratory and injunctive relief to prohibit Defendant from placing future telephone calls with an automatic telephone dialing service and/or an artificial or prerecorded voice to persons who did not provide prior express consent for their cellular telephone number to be called by Defendant, pursuant to FED. R. CIV. P. 23(a) and 23(b)(2).]

36. The class consists of: (a) all natural persons with a cellular telephone number corresponding to an Illinois area code (b) that was called by Defendant (c) with an automatic telephone dialing service and/or an artificial or prerecorded voice during a period (d) where Defendant's records show that the person received at lease one phone call placed by the automatic telephone dialing service and/or an artificial or prerecorded voice (e) where Defendant's records do not show any express prior consent to call that person's cellular telephone prior to the first call placed by the automatic telephone dialing service and/or an artificial or prerecorded voice, (f) from January 27, 2007 to January 27, 2011. Excluded are persons who ported their cellular telephone number during the class

7

time period.

37. There are questions of law and fact common to the members of the class, which common questions predominate over any questions relating to individual class members.

38. The predominant question is whether calling persons' cellular telephone with an automatic telephone dialing service and/or an artificial or prerecorded voice who are not the person who contracted for and is obligated to the underlying debt Defendant was trying to collect, violates the TCPA.

39. Plaintiff's claims are typical of the claims of the class members in that the alleged violations are all based on the lack of prior express consent.

40. The class is so numerous that joinder of all the members is impractical.

41. On information and belief there are 40 persons who are identified by the class definition above.

42. Plaintiff will fairly and adequately represent the members of the class.

43. Plaintiff has retained experienced counsel in TCPA matters and class action litigation.

44. A class action is superior for the fair and efficient adjudication of this matter in that:

    a. Defendant's course of conduct affects a large group of individuals;

    b. Multiple individual actions are not judicially economical; and

      c.      The Class members are unaware that their rights have been violated.

**WHERFORE**, Plaintiff requests this Honorable Court to enter judgment for Plaintiff and the Class and against Defendant on Plaintiff's TCPA claim for:

    (1)    Appropriate statutory damages under the TCPA;

    (2)    Costs of litigation; and

    (3)    An injunction prohibiting defendant from future violations of the TCPA with respect to plaintiff and the class, along with corresponding declaratory relief.

## COUNT II
## INDIVIDUAL CLAIM
## FDCPA § 1692d(6) and § 1692e(11) VIOLATIONS

45.    Plaintiff incorporates paragraphs 1-23 above.

46.    15 U.S.C. §1692d(6) provides:

> (6) Except as provided in section 804, the placement of telephone calls without meaningful disclosure of the caller's identity.

47.    15 U.S.C. §1692e(11) provides:

> (11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

48. Defendant's voice message above was a "communication" within the meaning of 15 U.S.C. §§ 1692d(6) and 1692e(11). *Edwards v. Niagara Credit Solutions, Inc.*, 584 F.3d 1350 (11th Cir. 2009); *Ramirez v. Apex Fin. Mgt., LLC*, 567 F. Supp. 2d 1035 (N.D. Ill. 2008); *Foti v. NCO Financial Systems*, 424 F.Supp.2d 643, 669 (S.D.N.Y. 2006); *Hosseinzadeh v. M.R.S. Associates, Inc.*, 387 F.Supp.2d 1104, 1112, 1118 (C.D.Cal. 2005); *Joseph v. J. J. MacIntyre Cos.,* 281 F.Supp.2d 1156 (N.D.Cal. 2003); *Leyse v. Corporate Collection Servs.,* 03 Civ. 8491 (DAB), 2006 U.S. Dist. LEXIS 67719 (S.D.N.Y. Sept. 18, 2006); *Stinson v. Asset Acceptance, LLC,* 1:05cv1026, 2006 WL 1647134, 2006 U.S. Dist. LEXIS 42266 (E.D. Va., June 12, 2006); *Belin v. Litton Loan Servicing, LP,* 8:06-cv-760-T-24 EAJ, 2006 U.S. Dist. LEXIS 47953 (M.D.Fla., July 14, 2006).

49. Defendant's voice message above did not make a meaningful disclosure of the caller's identity.

50. Defendant's voice message above did not disclose that the communication was from a debt collector.

51. Defendant's message above violated 15 U.S.C. §1692d(6).

52. Defendant's message above violated 15 U.S.C. § 1692e(11).

**WHERFORE**, Plaintiff requests this Honorable Court to enter judgment in favor of Plaintiff on Plaintiff's individual FDCPA claim against Defendant for:

    (1)    Statutory damages for Plaintiff;

    (2)    Attorney's fees, litigation expenses and costs of suit; and

    (3)    Such other relief as the Court deems proper.

Respectfully submitted,

s/ Curtis C. Warner
Curtis C. Warner

| | |
|---|---|
| Curtis C. Warner     (6282197) | Alexander H. Burke |
| cwarner@warnerlawllc.com | Burke Law Offices, LLC |
| Warner Law Firm, LLC | 155 N. Michigan Ave., Suite 9020 |
| Millennium Park Plaza | Chicago, IL 60601 |
| 155 N. Michigan Ave. Ste. 560 | (312) 729-5288 |
| Chicago, Illinois 60601 | (312) 729-5289 (fax) |
| (312) 238-9820 (TEL) | ABurke@BurkeLawLLC.com |

**NOTICE OF LIEN**

Please be advised that the Warner Law Firm, LLC and Burke Law Offices, LLC claim a lien upon any recovery herein for 1/3 of that amount or such an amount as the Court awards.

Respectfully submitted,

s/ Curtis C. Warner
Curtis C. Warner

| | |
|---|---|
| Curtis C. Warner     (6282197) | Alexander H. Burke |
| cwarner@warnerlawllc.com | Burke Law Offices, LLC |
| Warner Law Firm, LLC | 155 N. Michigan Ave., Suite 9020 |
| Millennium Park Plaza | Chicago, IL 60601 |
| 155 N. Michigan Ave. Ste. 560 | (312) 729-5288 |
| Chicago, Illinois 60601 | (312) 729-5289 (fax) |
| (312) 238-9820 (TEL) | ABurke@BurkeLawLLC.com |

**DOCUMENT PRESERVATION DEMAND**

Plaintiff hereby demands that the defendant take affirmative steps to preserve all recordings, data, documents and all other tangible things that relate to plaintiff or the putative class members, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff or the putative class members, and any account or number or symbol relating to any of them. These materials are very likely relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody or

control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

/s/Curtis C. Warner

12