UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

D.G., by and through LOIDY TANG, as )
Next Friend, individually and on behalf )
of a class, )
　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　Plaintiff, )
　　　　　　　　　　　　　　　　　　　)
　　vs. ) 11 C 599
　　　　　　　　　　　　　　　　　　　)
WILLIAM W. SIEGEL & ASSOCIATES, )
ATTORNEYS AT LAW, LCC, )
　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　Defendant. )

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This case comes before the Court on the motion of Defendant William W. Siegel & Associates, Attorneys at Law, LLC ("Siegel") to dismiss the Amended Complaint of Plaintiff D.G., by and through Loidy Tang as next friend, individually and on behalf of a class, ("Plaintiff") pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). For the reasons stated below, Siegel's motion is denied.

## BACKGROUND[1]

Siegel, a debt collector, uses a telephone system, known as a predictive dialer, that dials telephone numbers without human intervention and delivers previously

---

[1] For purposes of the motion to dismiss, we accept the allegations of the Amended Complaint as true. *Warth v. Seldin*, 422 U.S. 490, 501 (1975).

recorded form messages. Siegel's predictive dialer uses text-to-speech customization to insert into the message the name of the person Siegel is attempting to reach.

Plaintiff is the regular user and carrier of a cellular phone with an assigned number of XXX-XXX-3757. From August 5, 2010, to December 14, 2010, Siegel called Plaintiff's cellular phone nine times. Siegel, using a predictive dialer with text-to-speech customization, left the following prerecorded message on the voice mail of Plaintiff's cell phone before disconnecting:

> Message for Kimberly Nelson. If you are not Kimberly Nelson, please hang up or disconnect now. If you are Kimberly Nelson, please continue to listen to this message. You should not listen to this message in public as this pertains to personal and private information. There will now be a three second pause in this message to allow you to listen in private.

Plaintiff does not know Kimberly Nelson, has no relationship with Siegel, and never consented to the calls.

On March 18, 2011, Plaintiff filed an Amended Complaint, asserting claims under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA"). On March 24, 2011, Siegel filed a motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

**LEGAL STANDARD**

A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 does not require detailed factual allegations, but requires more than legal conclusions or a formulaic recitation of the elements of a cause of action. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, the complaint must contain sufficient facts to state a claim for relief that is plausible on its face. *Id.* at 570. In ruling on a motion to dismiss, a court must accept the well-pleaded allegations in the complaint as true, construe the allegations of the complaint in the light most favorable to the plaintiff, and draw all reasonable inferences in favor of the plaintiff. *Hentosh v. Herman M. Finch Univ. of Health Scis./The Chi. Med. Sch.*, 167 F.3d 1170, 1173 (7th Cir. 1999).

**DISCUSSION**

First, Siegel argues that Plaintiff lacks standing to assert a TCPA claim because Plaintiff is the unintended recipient of Siegel's calls and, thus, not the "called party" under the TCPA.[2] "Statutory standing is simply statutory interpretation: the question

---

[2] In its motion to dismiss, Siegel inappropriately merges two distinct concepts, prudential standing and statutory standing. *See Graden v. Conexant Sys. Inc.*, 496 F.3d 291, 295 (3d Cir. 2007) (distinguishing between Article III, prudential, and statutory standing). While Siegel references the "zone of interests" test relevant to prudential standing, the heart of Siegel's argument is that Plaintiff lacks statutory standing. Moreover, although Siegel asks this Court to dismiss the TCPA claim for lack of standing under Rule 12(b)(1), numerous courts have specifically explained that a motion for lack of prudential or statutory standing is evaluated under Rule 12(b)(6). *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 795 n.2 (5th Cir. 2011); *Simmonds v. Credit Suisse Sec. (USA) LLC*, 638 F.3d 1072, 1087 n.6 (9th Cir. 2011). Accordingly, this Court evaluates Siegel's motion to dismiss for lack of standing under Rule 12(b)(6).

it asks is whether Congress has accorded *this* injured plaintiff the right to sue the defendant to redress his injury." *Graden v. Conexant Sys. Inc.*, 496 F.3d 291, 295 (3d Cir. 2007). To answer this question, the court first examines the text of the statute and then, if ambiguous, analyzes other indicia of congressional intent. *Id.* The TCPA unambiguously declares that it is unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice" to a "telephone number assigned to a . . . cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii). The TCPA grants a "person" the right to sue any person violating this provision. 47 U.S.C. § 227(b)(3). Plaintiff, a "person," alleges that Siegel violated the TCPA by using an automatic telephone dialing system, referred to as a predictive dialer, to call Plaintiff's cellular telephone. Comparing the plain text of the TCPA with Plaintiff's allegations, Plaintiff alleges sufficient facts to demonstrate that he has a right to sue Siegel under the TCPA. Accordingly, Plaintiff has statutory standing to assert a TCPA claim against Siegel.

Siegel asserts that Plaintiff does not have standing unless he is the "called party," which Siegel defines as the party it intended to call. Siegel suggests that, in this case, Kimberly Nelson is the "called party." The TCPA uses the term "called party" when setting forth an exception and states that a person does not violate the TCPA if the call

is made with the "prior express consent of the called party." 47 U.S.C. § 227(b)(1)(A). Significantly, the term "called party" is only used in the exception to the statute and does not define who may sue under the statute. Thus, Plaintiff need not be a "called party" to assert a TCPA claim. Further, according to the allegations of the Amended Complaint, Siegel did not have Plaintiff's prior express consent, so this Court need not determine whether the exception applies and Siegel is a "called party" under the TCPA.

Even if the TCPA only affords a right of relief to the "called party," this Court finds that Plaintiff was the called party because Siegel intended to call Plaintiff's cellular telephone number and Plaintiff is the regular user and carrier of the phone. Siegel relies on two, non-binding cases in arguing that Plaintiff, the unintended recipient of the calls, is not the "called party" under the TCPA: *Leyse v. Bank of Am., Nat'l Ass'n*, 2010 WL 2382400 (S.D.N.Y. June 14, 2010) and *Cellco P'ship v. Dealers Warranty, LLC*, 2010 WL 3946713 (D.N.J. Oct. 5, 2010). Neither case supports Siegel's argument. In *Leyse*, the defendant called an individual on their residential line and the individual's roommate answered. 2010 WL 2382400, at *2. The *Leyse* court held that the roommate, who sued the defendant, was not the called party and lacked standing. *Id.* at *4. The court reasoned that the roommate was an unintended and incidental recipient of the call since the defendant called the number actually associated with the individual it attempted to contact and the roommate merely happened to

answer. *Id.* Aside from the fact that *Leyse* dealt with a different TCPA provision and evaluated the plaintiff's Article III standing, *Leyse* is distinguishable because Siegel did not call a number actually associated with Kimberly Nelson, the individual it was attempting to contact, but instead called Plaintiff's cellular number. Thus, unlike the roommate in *Leyse*, Plaintiff was not the unintended and incidental recipient of Siegel's calls. In *Cellco*, the other case cited by Siegel, the defendant placed unsolicited telemarketing calls to plaintiffs' subscribers. 2010 WL 3946713, at *1. An issue of statutory standing arose because the plaintiffs were telecommunications vendors and not the subscribers who actually received the phone calls. *Id.* at *7. Remarkably different from the plaintiffs in *Cellco* who did not receive the calls, here, Plaintiff actually received the calls from Siegel. Because Siegel intended to call Plaintiff's cellular phone number, Plaintiff received the calls, and Plaintiff is the regular user and carrier of the phone, Plaintiff qualifies as a "called party" under the TCPA.

Finally, Siegel argues that Plaintiff fails to state a claim for relief under the FDCPA. A debt collector violates the FDCPA by placing a telephone call and failing to meaningfully disclose its identity. 15 U.S.C. § 1692d(6). Courts have found that a debt collector fails to meaningfully disclose its identity if the caller does not state that it is a debt collector or an employee or agent of a debt collector, or the nature of the communication. *Hutton v. C.B. Accounts, Inc.*, 2010 WL 3021904, at *3 (C.D. Ill.

Aug. 3, 2010); *Edwards v. Niagra Credit Solutions, Inc.*, 586 F. Supp. 2d 1346, 1360 (N.D. Ga. 2008). Plaintiff alleges that Siegel violated the FDCPA because Siegel's voice message did not meaningfully disclose the caller's identity. Plaintiff further specifically pleads the contents of the message left by Siegel which does not state the identity of the caller or that the caller is attempting to collect a debt. Therefore, Plaintiff alleges sufficient facts to state a claim for relief under Section 1692d(6) of the FDCPA.

## CONCLUSION

For the foregoing reasons, this Court denies Siegel's motion to dismiss.

_____
Charles P. Kocoras
United States District Judge

Dated:   June 14, 2011