**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| D.G., by and through LOIDY TANG as Next Friend, individually and on behalf of a class,  )<br>)<br>) | |
| ) | CASE NO. 1:11-cv-00599 |
| Plaintiff,  ) | |
| ) | Honorable Charles P. Kocoras |
| v.  ) | |
| ) | |
| WILLIAM W. SIEGEL & ASSOCIATES, ATTORNEYS AT LAW, LLC,  )<br>) | |
| ) | |
| Defendant.  ) | |

**PLAINTIFF'S RESPONSE THAT THIS COURT LACKS JURISDICTION
TO HEAR
ALEXANDER H. BURKE'S
MOTION TO WITHDRAW**

NOW COMES, Plaintiff D.G., by and through Loidy Tang as Next Friend ("Plaintiff"), by and through Plaintiff's counsel Curtis C. Warner of the Warner Law Firm, LLC, and asserts that this Honorable Court lacks jurisdiction to hear Alexander H. Burke's Motion to Withdraw.

In support of Plaintiff's position, Plaintiff states as follows:

1. Alexander H. Burke did not obtain Plaintiff's consent to file a motion to withdraw in this case and in fact was informed that he was not to take any action in any other of her cases except to file a motion to withdraw in *Soppet et al. v. Enhanced Recovery Co., LLC,* 10 C 5469 (N.D. Ill). Exhibit A.

2. On October 7, 2011, Plaintiff and Defendant William W. Siegel & Associates Attorneys at Law, LLC, filed a stipulated voluntary dismissal without prejudice under Rule 41(a)(1)(A)(ii). (Doc. 40).

3.  On October 12, 2011, this Court this court entered an Order dismissing this matter without prejudice. (Doc. 41).

4.  The Seventh Circuit has held that after the filing of a voluntary dismissal under Rule 41, "the case was gone; no action remained for the district judge to take. Since there was no longer a case pending before him, and since a federal judge's authority to issue orders depends (with immaterial exceptions) on the existence of a case, his order was void." *Smith v. Potter*, 513 F.3d 781, 782-3 (7th Cir. 2008) (*citing Marques v. Federal Reserve Bank of Chicago,* 286 F.3d 1014, 1018 (7th Cir. 2002); *Bryan v. Smith,* 174 F.2d 212, 214 (7th Cir. 1949); *Commercial Space Mgmt. Co. v. Boeing Co.,* 193 F.3d 1074, 1077 n. 4 (9th Cir. 1999); *see also Beck v. Caterpillar, Inc.,* 50 F.3d 405, 407 (7th Cir. 1995); *Foss v. Federal Intermediate Credit Bank,* 808 F.2d 657, 660 (8th Cir. 1986)).

5.  "A voluntary dismissal that satisfies the requirements of Rule 41(a)(1)(A) is effective upon filing and divests the court of authority to impose conditions or exercise discretion." *United States v. One 1997 E35 Ford Van*, 98 C 3548, 2010 U.S. Dist. LEXIS 26909 * 5-6 (N.D. Ill Mar. 22, 2010) (*quoting In re Matthews,* 395 F.3d 477 (4th Cir. 2005) ("'Once the United States voluntarily dismissed its forfeiture action [pursuant to Rule 41(a)(1)(A)(i)], all proceedings in the action were terminated, and the district court lacked the authority to issue further orders addressing the merits of the case.'").

6.  Article III of the United States Constitution limits the exercise of judicial power to "cases" and "controversies." *Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227, 81 L. Ed. 617, 57 S. Ct. 461 (1937).

7. No case or controversy exists as Plaintiff's case has been dismissed and therefore this Court does not have jurisdiction under Article III to hear Mr. Burke's motion.

WHEREFORE, Plaintiff requests this Honorable Court to decline to rule on Alexander H. Burke's as it lacks jurisdiction to rule on his motion in this matter that has been dismissed.

                                Respectfully submitted,

                                <u>s/ Curtis C. Warner</u>
                                  Curtis C. Warner

Curtis C. Warner
Warner Law Firm, LLC
155 N. Michigan Avenue, Suite 560
Chicago, Illinois 60601
(312) 238-9820 (TEL)