**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| D.G., by and through LOIDY TANG as Next Friend, individually and on behalf of a class, | )<br>)<br>) |
| Plaintiff, | ) CASE NO. 1:11-cv-00599<br>)<br>) Honorable Charles P. Kocoras |
| v. | )<br>) |
| WILLIAM W. SIEGEL & ASSOCIATES, ATTORNEYS AT LAW, LLC, | )<br>)<br>) |
| Defendant. | ) |

**PLAINTIFF'S RESPONSE
(1) THAT THIS COURT LACKS JURISDICTION TO HEAR DEFENDANT'S MOTION TO ENFORCE OR ENTER A DISMISSAL WITH PREJUDICE;
(2) RESPONSE TO DEFENDANT'S REQUEST FOR ATTORNEY'S FEES PURUSANT TO 28 U.S.C. § 1927;
(3) PLAINTIFF'S REQUEST FOR ATTORNEY'S FEES PURUSANT TO 28 U.S.C. § 1927; AND
(4) PLAINTIFF'S REQUEST TO CORRECT DEFENDANT'S VIOLATION OF FED. R. CIV. P. 5.2(a)(3)**

NOW COMES, Plaintiff D.G., a minor, by and through Loidy Tang as Next Friend ("Plaintiff"), by and through Plaintiff's counsel Curtis C. Warner of the Warner Law Firm, LLC, and in support of Plaintiff's positions and Plaintiff's request for attorney's fees and to correct the record states as follows:

**INTRODUCTION**

Defendant William W. Siegel & Associates, Attorneys at Law, LLC's ("Defendant") motion to enforce the confidential agreement, request for the entry of a dismissal with prejudice, is void of any citation to legal authority that would permit this Court to enter an Order compelling Plaintiff to file a stipulation to dismiss with prejudice

of a case that has already been dismissed, or simply enter a dismissal with prejudice as requested for in Defendant's prayer for relief. Indeed, the Supreme Court and the Seventh Circuit have specifically held that under the same circumstances presented here, this Court lacks jurisdiction to enter any order to enforce the settlement agreement or enter any other order, with the exception of § 1927 sanctions under its inherent authority.

In addition to ignoring controlling law, Defendant notably and purposefully omitted from its motion that as a condition precedent to the subject settlement agreement it required, "***The immediate dismissal without prejudice*** of Plaintiff's: (a) individual and class based TCPA claim and (b) individual FDCPA claim (subject to leave to reinstate if payment is not made within an agreed time)." (Exhibit A) (emphasis added).[1] While requests for sanctions are not normally granted, this Court should find them appropriate in this matter as Defendant's counsel, James C. Vlahakis, through this material omission purposefully attempted to mislead the Court into thinking that Plaintiff did not do *exactly* what Defendant wanted; an *"immediate dismissal without prejudice."* (Id.).

Now ignoring controlling authority that this Court lacks jurisdiction to enforce the settlement agreement and order Plaintiff to file a stipulation to dismiss again a dismissed case, or just enter an order of a dismissal with prejudice, Defendant has chosen to multiply the litigation through a motion that makes a material omission to the Court. Neither Plaintiff's counsel, nor Plaintiff, should be penalized under 28 U.S.C. § 1927 for following Defendant's condition precedent of an immediate dismissal without prejudice.

---

[1] Defendant had labeled the letter as confidential and the settlement agreement prohibits publication of settlement negotiations, therefore a redacted copy has been filed. An unredacted copy will be made available for an *in camera* review if necessary.

Because Defendant's motion is baseless and vexatious, it is Defendant's counsel James C. Vlahakis who should be sanctioned under 28 U.S.C. § 1927 for his conduct. Prior to filing this motion he was twice informed by Plaintiff's counsel that this Court lacks jurisdiction to grant the request and was cautioned that any motion to enforce would be deemed as multiplying the litigation and vexatious. (Def. Mtn. Ex. Doc. 44-6). Nevertheless, Mr. Vlahakis filed a frivolous and vexatious motion in an attempt to harass Plaintiff's personal representative, Loidy Tang, in another pending class action and bully Plaintiff's counsel with the threat of attorney's fees under § 1927.

Despite the confidential settlement agreement providing, "All parties to this litigation agree that they shall not give, show, or otherwise disclose, either orally of in writing . . . the terms and conditions of this Agreement[,]" (Def. Mtn. Ex. A ¶ 6), Defendant filed a copy of the complete confidential agreement redacting only the amount of consideration. Defendant's counsel filed the agreement to get through the back door what he was not able to obtain through the front door during his taking of Plaintiff's mother's deposition in *Tang v. Medical Recovery Specialists, LLC*, 11 C 2109 (Holderman, C.J.) (Exhibit B) (Deposition of Loidy Tang). This fact further supports Plaintiff's position that Defendant's filing of a meritless motion to enforce was improper, unreasonable and vexations warranting sanctions under 28 U.S.C. § 1927.

Finally, Defendant's counsel has violated Fed. R. Civ. P. 5.2, and falsely certified with the ECF system that he, "I understand that, if I file, I must comply with the redaction rules. I have read this notice" as he filed the confidential agreement that contains the name of the minor Plaintiff. FED. R. CIV. P. 5.2(a)(3) ("Unless the court orders otherwise, in an electronic or paper filing with the court that contains . . . the name of an

individual known to be a minor, . . . a party or nonparty making the filing may include only: * * * (3) the minor's initials."). Given the circumstances under which Defendant's motion has been filed, it is unlikely that Mr. Vlahakis' filing of the minor's name was in error.

Because Defendant's counsel's filing violated the Court's privacy considerations, Plaintiff is requesting that this Court direct the Clerk of the Court, who it has jurisdiction over, to remove Plaintiff's full name and Plaintiff's signature from Defendant's Exhibit, Document 44-1, PageID #:235.

**FACTS**

On October 7, 2011, Defendant's counsel emailed Plaintiff's counsel a settlement offer that included the language that as a condition to any settlement agreement Defendant required, "***The immediate dismissal without prejudice*** of Plaintiff's: (a) individual and class based TCPA claim and (b) individual FDCPA claim (subject to leave to reinstate if payment is not made within an agreed time)." (emphasis added). (Exhibit A). Defendant sent the email at 10:44 a.m., and required that the offer be accepted by 1:00 p.m. Plaintiff was out of the office at the time the email was received, but on behalf of Plaintiff's authority immediately accepted the offer and informed Defendant's counsel that the stipulated dismissal would be filed as soon as possible. At approximately 1:20 p.m., on October 7, 2011, Plaintiff's counsel filed the joint stipulation to dismiss under Rule 41(a)(1)(A)(ii). (Doc. 40). The joint dismissal did not state that a settlement agreement had been reached, and did not request the Court to retain jurisdiction over any settlement agreement. (Doc. 40). Such language of settlement could not be included as

4

paragraph 6, Confidentiality, of the now unilaterally made public settlement agreement, prohibited it. (Def. Mtn. Ex. Doc. 44-1 ¶ 6).

On October 12, 2011, this Court this court entered an Order dismissing this matter without prejudice. (Doc. 41) ("Pursuant to the parties' stipulated notice of dismissal (Doc [40]), this cause is dismissed without prejudice as to Plaintiff and without prejudice to the putative class. All pending motions, if any, are moot. Status hearing set for 11/22/2011 is stricken.").

Prior to the filing of Defendant's motion, Plaintiff's counsel informed Defendant's counsel that the Court lacked jurisdiction to enter an order after the case was dismissed and that any further action by Defendant would be considered to have multiplied the litigation and vexatious. (Def. Mtn., Ex. Doc. 44-6).

## ARGUMENT

**I. This Court Lacks Jurisdiction to Enter a Subsequent Order after the Dismissal**

The Seventh Circuit has held that after the filing of a voluntary dismissal under Rule 41, "the case was gone; no action remained for the district judge to take. Since there was no longer a case pending before him, and since a federal judge's authority to issue orders depends (with immaterial exceptions) on the existence of a case, his order was void." *Smith v. Potter*, 513 F.3d 781, 782-3 (7th Cir. 2008) (*citing Marques v. Federal Reserve Bank of Chicago,* 286 F.3d 1014, 1018 (7th Cir. 2002); *Bryan v. Smith,* 174 F.2d 212, 214 (7th Cir. 1949); *Commercial Space Mgmt. Co. v. Boeing Co.,* 193 F.3d 1074, 1077 n. 4 (9th Cir. 1999); *see also Beck v. Caterpillar, Inc.,* 50 F.3d 405, 407 (7th Cir. 1995); *Foss v. Federal Intermediate Credit Bank,* 808 F.2d 657, 660 (8th Cir. 1986)).

5

"A voluntary dismissal that satisfies the requirements of Rule 41(a)(1)(A) is effective upon filing and divests the court of authority to impose conditions or exercise discretion." *United States v. One 1997 E35 Ford Van*, 98 C 3548, 2010 U.S. Dist. LEXIS 26909 * 5-6 (N.D. Ill Mar. 22, 2010) (*quoting In re Matthews,* 395 F.3d 477 (4th Cir. 2005) ("'Once the United States voluntarily dismissed its forfeiture action [pursuant to Rule 41(a)(1)(A)(i)], all proceedings in the action were terminated, and the district court lacked the authority to issue further orders addressing the merits of the case.'").

Such logic that the a court has been divested of its jurisdiction is sound as Article III of the United States Constitution limits the exercise of judicial power to "cases" and "controversies." *Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227, 81 L. Ed. 617, 57 S. Ct. 461 (1937). Here, no case or controversy exists at the time of Defendant's motion as Plaintiff's case has been dismissed. Therefore, it is frivolous that a Defendant who demanded an immediate dismissal without prejudice, agreed to a stipulated dismissal without prejudice, to later seek redress from a Court that has no live case in front of it.

**II.    Supreme Court and Seventh Circuit Law Clearly Provides that this Court Lacks Jurisdiction to Enforce the Settlement Agreement**

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994), is factually similar to this case. In *Kokkonen*, "The Stipulation and Order did not reserve jurisdiction in the District Court to enforce the settlement agreement; indeed, it did not so much as refer to the settlement agreement." *Id*. at 395. Additionally, "If the parties wish to provide for the court's enforcement of a dismissal-producing settlement agreement, they can seek to do so." *Id.*, at 398. The Court concluded stating, "when, as occurred here, the dismissal is pursuant to Rule 41(a)(1)(ii) (which does not by its terms empower a

6

district court to attach conditions to the parties' stipulation of dismissal) we think the court is authorized to embody the settlement contract in its dismissal order (or, what has the same effect, retain jurisdiction over the settlement contract) if the parties agree. Absent such action, however, enforcement of the settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction." *Id.*, at 381-82. The parties here did not submit such an order.

The Seventh Circuit has made it clear that, "*Kokkonen* adds that the court's ancillary jurisdiction includes a settlement that the court has either entered as a judgment or reserved authority to enforce. That covers the July 2003 settlement, even though it was for $45,000. But the supposed January 2004 bargain was reached outside the court's auspices, was not presented to or approved by the magistrate judge, and therefore cannot be enforced under the supplemental jurisdiction." *Goulding v. Global Med. Prods. Holdings, Inc.*, 394 F.3d 466, 468 (7th Cir. 2005) (*citing Bender v. Allegra*, 130 F.3d 990 (11th Cir. 1997); *cf. Ford v. Neese*, 119 F.3d 560, 562 (7th Cir. 1997)).

The Seventh Circuit has made clear that, "The normal remedy for a failure to abide by a settlement of federal litigation is a suit on the settlement contract. Such a claim arises under state law and must proceed in state court unless the parties are of diverse citizenship and the injury exceeds $ 75,000." *Kay v. Bd. of Educ.*, 547 F.3d 736, 737 (7th Cir. 2008). Defendant does not claim that Plaintiff's failure to file a stipulation of a dismissal with prejudice of Plaintiff's claims after the Court entered a dismissal without prejudice amounts to an injury constituting $75,000 and it cannot later attempt to do so. *United States v. Adamson*, 441 F.3d 513, 521 n.2 (7th Cir. 2006) (arguments raised for the first time in a reply brief are considered to have been waived).

7

Nor could Defendant argue that the beach it has alleged, the failure to file a subsequent stipulation to dismiss with prejudice, constitutes damages of at least $75,000. Defendant has been provided a general release from all claims that Plaintiff asserted or could have asserted. (Def. Mtn., Ex. Doc. 44-1 ¶ 2). This Court has held that a plaintiff's prior release in a settlement claim would bar that plaintiff from being able to assert a released claim arising from the same conduct alleged or could have been alleged in a subsequent complaint. *Ehrlich v. Peters*, 01 C 4277, 2007 U.S. Dist. LEXIS 86131 * 11 (N.D. Ill. Nov. 27, 2007) (Kocoras, J). Defendant's counsel, Mr. Vlahakis, knows this to be legally correct as he was one of the attorneys in *Peters* where the defendant obtained a partial dismissal of the plaintiff's claims based upon the release contained in the parties' prior settlement agreement. Therefore, it would not be until a subsequent suit, which will not occur, by Plaintiff against Defendant over the same claims as that were alleged in Plaintiff's Complaint, as Amended, would damages ripen in the form of attorney's fees and costs to defend against claims that had been released.

Therefore, this Court lacks jurisdiction to enter an Order regarding Defendant's motion and the Court should decline from addressing Defendant's motion to enforce the settlement agreement.

**III.    Defendant's Request for Attorney's Fees under 28 U.S.C. § 1927 is Baseless**

Defendant's request for attorney's fees is baseless and is brought with malice in an attempt to bully Plaintiff's counsel.

28 U.S.C. § 1927 provides:

Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally

8

the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

A court may impose sanctions under § 1927 where an attorney has, "acted in an objectively unreasonable manner by engaging in a 'serious and studied disregard for the orderly process of justice' . . . or where a 'claim [is] without a plausible legal or factual basis and lacking in justification.'" *Walter v. Fiorenzo*, 840 F.2d 427, 433 (7th Cir. 1988) (citations omitted). Here, no such finding can be made as Plaintiff's counsel relied upon sound case law that once this Court entered the dismissal without prejudice in this case the Court lacked jurisdiction to enter a subsequent order. This point that the Court lacks jurisdiction was in two separate emails pointed out to Mr. Vlahakis prior to his filing of the pending motion, to which he did not provide any authority contrary to Plaintiff's counsel's position. (Def. Mtn., Ex. Doc. 44-6).

Second, Plaintiff's counsel did not multiply the proceedings in this matter. Plaintiff and Plaintiff's counsel did nothing after the entry of dismissal of this case until Defendant's emails and now having to be forced to respond to Defendant's frivolous motion and request for attorney's fees under 28 U.S.C. § 1927.

Finally, Plaintiff is not in breach of the settlement agreement as paragraph 14 provides, "In case any one or more of the provisions contained in this agreement is for any reason invalid, illegal, or unenforceable in any respect such . . . shall not affect any other provision hereof, and this agreement shall be constructed as if such invalid, illegal, or unenforceable provision had never been a part hereof, provided that such construction shall not cause this agreement to fail in its essential purpose." (Def. Mtn. Ex. Doc. 44-1 ¶ 14). Requiring a dismissal with prejudice after a dismissal of the matter is unenforceable, but nevertheless Defendant got its dismissal (the termination of the litigation) and a

9

release that prohibits Plaintiff from again litigating the matter. Therefore, the essential purpose of the agreement has been fulfilled and Plaintiff is not in breach.

When the parties orally agree to settle a case, and the court expressly retains jurisdiction over the case until the settlement is consummated, and provides that the case can be reopened if no settlement agreement is consummated, and one party refuses to go through with the settlement can § 1927 sanctions be imposed. *E.g. Dal Pozzo v. Basic Mach. Co.*, 463 F.3d 609, 611 (7th Cir. 2006). Such is not the case here as no order was entered. (Doc. 41). Because this case had been dismissed by stipulation without the Court retaining jurisdiction over the settlement agreement and Plaintiff has lived up to the release it granted Defendant, no finding of unreasonableness or vexatious conduct can be made. Therefore, § 1927 sanctions against Plaintiff's counsel are not warranted.

**IV.     Plaintiff's Request for Attorney's Fees under 28 U.S.C. § 1927 is Warranted**

Defendant's motion to enforce is completely frivolous, unreasonable and is being used to vex Plaintiff, Plaintiff's personal representative, and Plaintiff's counsel. Its motion fails to cite any case law to support its request; in fact, controlling case law holds contrary to its position. Indeed, Defendant's entire motion is based on a *material omission*, hiding from the Court that as a condition precedent to the settlement agreement Defendant required, "***The immediate dismissal without prejudice*** of Plaintiff's: (a) individual and class based TCPA claim and (b) individual FDCPA claim (subject to leave to reinstate if payment is not made within an agreed time)." (Exhibit A) (emphasis added).

Defendant's motion also attached an agreement that Defendant's counsel could not obtain in another pending matter involving Plaintiff's representative. (Exhibit B).

10

Finally, the motion discloses the full name of the minor Plaintiff even though Defendant's counsel certified with the Court that he would uphold Rule 5.2 and not file anything in violation of the rule. All of these factors support a finding that sanctions under 28 U.S.C. § 1927 against Defendant's counsel James C. Vlahakis is warranted here.

This court has the inherent authority to impose sanctions under 28 U.S.C. § 1927 beyond any remedy that may be provided by rule of statute. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 42-43 (1991). The purpose of § 1927 "is to deter frivolous litigation and abusive practices by attorneys . . . and to ensure that those who create unnecessary costs also bear them. *Kapco Mfg. Co., Inc. v. C & O Enterprises, Inc.*, 886 F.2d 1485, 1491 (7th Cir. 1989) (*citing Fred A. Smith Lumber Co. v. Edidin*, 845 F.2d 750, 752 (7th Cir. 1988); *In re TCI*, 769 F.2d 441, 446 (7th Cir. 1985)). Here Mr. Vlahakis has filed a frivolous and abusive motion, to which he should have to bear the costs of Plaintiff's counsel's attorney's fees. The fact that Mr. Burke, who had been terminated by Plaintiff after the dismissal of this matter, (Doc. 45-1), filed a highly improper motion to withdraw as counsel[2] should not weigh into the analysis that there might be merit to Defendant's position as Defendant cites no case law to support Defendant's position. (Def. Mtn. ¶ 7).

In assessing whether an attorney's actions were objectively unreasonable "a court may infer intent from a total lack of factual or legal basis . . . ." *Overnite Transp. Co. v. Chicago Indus. Tire Co.*, 697 F.2d 789, 794-95 (7th Cir. 1983). Furthermore, "'If a lawyer pursues a path that a reasonably careful attorney would have known, after

---

[2] *County, Mun. Emples. Supervisors' & Foremen's Union Local 1001 v. Laborers' Int'l Union of N.A.*, 356 F.3d 576, 577, 580 (2004) (The Seventh Circuit referred the matter to the Illinois Attorney Registration and Disciplinary Commission where the attorneys had taken court action after their client "directed them to take no further action[.]").

appropriate inquiry, to be unsound, the conduct is objectively unreasonable and vexatious.'" *Kapco Mfg. Co.,* 886 F.2d at 1491 (7th Cir. 1989) (*quoting In re TCI, Ltd.*, 769 F.2d at 445). Sanctions under § 1927 can be awarded when a party has taken action that "was obviously unsound under existing law." *Mendez v. Plastofilm Industries, Inc.*, 91 C 8172, 1992 U.S. Dist. LEXIS 5704 * 15 (N.D. Ill. Apr. 15, 1992) (Kocoras, J). Here Defendant's counsel was admittedly twice put on notice by Plaintiff's counsel that the Court lacked jurisdiction to order Plaintiff to file a dismissal with prejudice of a case that was already dismissed. (Def. Motion, Ex. Doc. 44-6).

Supreme Court and Seventh Circuit case law is clear that this Court does not have jurisdiction to enter an order compelling Plaintiff to submit a dismissal with prejudice after Plaintiff filed at Defendant's request an immediate dismissal without prejudice. *E.g. Kokkonen*, 511 U.S. at 381-82; *Potter*, 513 F.3d at 782-3. Any careful lawyer would have researched Plaintiff's counsel's offered reasoning that the Court lacked jurisdiction to enter a subsequent order of dismissal of an already dismissed case. Defendant's motion that does not cite one single case demonstrates that Mr. Vlahakis did not conduct any legal research, and illustrates his ignorance, or at the very least his recklessness, both of which warrant sanctions under § 1927. *See Riddle & Assocs. P.C. v. Kelly*, 414 F.3d 832, 835 (7th Cir. 2005) (*quoting Kapco Mfg.*, 886 F.2d at 1491) (upholding sanctions award of $18,037.22 under § 1927 when after written correspondence from the defendant's counsel pre-suit informing plaintiff's counsel that the claim it was purporting to file was frivolous and that they would seek sanctions, the plaintiff's counsel nevertheless, "pursued a path that it should have known was improper[.]"). Plaintiff argues that under the logic in *Riddle & Assocs. P.C.*, § 1927 sanctions are appropriate

12

against Mr. Vlahakis as prior to the filing of this motion Plaintiff's counsel informed him, "It is our position that the Federal Court no longer has jurisdiction over this case as the case has been dismissed. (Doc. 41, October 12, 2011) * * * Please be advised that any further action taken by your client in this matter will be viewed as multiplying the proceedings unreasonably and vexatiously." (Def. Mtn. Ex. Doc. 44-1, PageID #264).

Defendant's filing of a confidential settlement agreement was done for a malicious and improper purpose, as Defendant's same counsel here, Mr. Vlahakis, was not able to obtain confirmation of the same confidential agreement in a deposition involving Plaintiff's representative challenging her adequacy as a class representative in a pending class action that is before Chief Judge Holderman. (<u>Exhibit B</u>) (Tang Dep. pp. 19-32). There can be no doubt that the filing of the confidential settlement agreement here was done in an attempt to bully Plaintiff's representative in another matter that Mr. Vlahakis is defending. Such an action of trying to get in the through the back door that Mr. Vlahakis was not able to obtain through the back door amounts to bad faith. *In re TCI Ltd.,* 769 F.2d at 445 (bad faith can be demonstrated by subjective evidence of malice, objective evidence of reckless conduct, or indifference to the law). For all of these reasons above there is a sufficient basis to sanction Mr. Vlahakis under § 1927.

**V.     Correcting the Record is Warranted**

Defendant's exhibit violated Rule 5.2(a)(3) in that the minor Plaintiff's name appears on the signature line and below it. This Court has the authority to instruct the Clerk of the Court to redact or remove the page of the settlement agreement that contains Plaintiff's name.

13

## CONCLUSION

WHEREFORE, Plaintiff requests this Honorable Court to decline to rule on Defendant's Motion to Enforce the Settlement Agreement, deny its Motion for Sanctions under 28 U.S.C. § 1927 against Plaintiff's counsel, grant Plaintiff's request for sanctions against Defendant's counsel, James C. Vlahakis, under 28 U.S.C. § 1927, and instruct the Clerk of the Court to remove Plaintiff's full name and signature form the Defendant's filing, Document 44-1, PageID #:235.

Respectfully submitted,

s/ Curtis C. Warner
Curtis C. Warner

Curtis C. Warner
Warner Law Firm, LLC
155 N. Michigan Avenue, Suite 560
Chicago, Illinois 60601
(312) 238-9820 (TEL)

## CERTIFICATE OF SERVICE

I, Curtis C. Warner, hereby certify that on **November 28, 2011**, I filed electronically **the document above** using the Court's CM/ECF system, which automatically will send notice to those parties who have appeared and are so registered.

Respectfully submitted,

s/ Curtis C. Warner
Curtis C. Warner