**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| D.G., by and through LOIDY TANG as Next Friend, individually and on behalf of a class, | ) ) ) |
| | ) Case No. 1:11-cv-599 |
| Plaintiff, | ) |
| v. | ) Honorable Charles P. Kocoras |
| | ) |
| WILLIAM W. SIEGEL & ASSOCIATES, ATTORNEYS AT LAW, LLC, | ) ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S REPLY TO DEFENDANT'S MOTION ENFORCE TERMS OF AN INDIVIDUAL SETTLEMENT AND FOR FEES PURSUANT TO 28 U.S.C. § 1927**

WILLIAM W. SIEGEL & ASSOCIATES, by and through its attorney, James C. Vlahakis, submits the following Reply to Defendant's Motion Enforce Terms Of An Individual Settlement And For Fees Pursuant To 28 U.S.C. Section 1927:

**Introduction**

Defendant's Motion to Enforce involves a simple issue. Pursuant to the express terms of Paragraph three of the parties' Settlement Agreement, Plaintiff and her counsel agreed to dismiss her case with prejudice after settlement funds cleared. The redacted letter that Plaintiff attached to her Response contains an identical requirement. Plaintiff does not dispute that she agreed to this term. Rather, in refusing to dismiss the case with prejudice, Plaintiff now claims that this Court lacked jurisdiction to allow her to do so. Plaintiff's argument is incorrect at the case was only voluntarily dismissed *without* prejudice. *See* docket no. 40. There is no merit to Plaintiff's refusal to abide by the terms of the express terms of the Settlement Agreement.

As discussed below, the cases cited by Plaintiff in opposition to this Motion are distinguishable as they deal with circumstances where the underlying plaintiffs voluntarily

dismissed cases without the express consent of the defendant and/or where the cases were dismissed with prejudice. In summary, none of the cases cited by Plaintiff dealt with a plaintiff's promise to convert a dismissal without prejudice into one *with prejudice* upon the tender and clearing as settlement funds. Even if Plaintiff doubted that she could follow through with the terms of the Settlement Agreement, the proper course of action would have involved bringing this issue to the Court's attention and allowing this Court to decide. Plaintiff refused to do so and appears to have refused to do so without having case on point to support her position.

Significantly, the circumstances behind Mr. Burke's Motion to Withdraw suggests that Plaintiff's attorneys had a difference of opinion regarding the merits of Defendant's request that Plaintiff file a stipulation of dismissal with prejudice.[1] The proper method for determining whether the termination of Mr. Burke was related by this Defendant's request that Plaintiff file a stipulation of dismissal with prejudice could be accomplished by this Court's questioning of Plaintiff's counsel.

## **Argument**

Plaintiff refused to follow the express terms of Paragraph three of the parties' Settlement Agreement, which required Plaintiff to dismiss her case with prejudice after settlement funds

---

[1] Plaintiff's Response (p. 11) strongly suggests that there is a disagreement among her current and former counsel as to whether she has breached the terms of the Settlement Agreement:

> The fact that Mr. Burke, who had been terminated by Plaintiff after the dismissal of this matter, (Doc. 45-1), filed a highly improper motion to withdraw as counsel2 should not weigh into the analysis that there might be merit to Defendant's position as Defendant cites no case law to support Defendant's position. (Def. Mtn. ¶ 7).

While Plaintiff's current counsel has criticized Mr. Burke for moving to withdraw after he was fired, what choice did Mr. Burke have if he wanted to distance himself from the conduct of Plaintiff's current counsel?

2

cleared. Prior to the filing of this Motion, Plaintiff's refusal was occasioned by her attorney's claim: "We cannot as the court has already dismissed the case and therefore no longer has jurisdiction." *See* Motion to Enforce (Nov. 15, 2011 email from Curtis Warner). *See also* Warner's Nov. 17, 2011 email ("It is our position that the Federal Court no longer has jurisdiction over this case as the case has been dismissed. (Doc. 41, October 12, 2011). Therefore, we do not intend on filing a stipulation to dismiss with prejudice as the Court has no jurisdiction to enter an order of dismissal."). Significantly, Plaintiff's pre-motion correspondence incorrectly claims that the reason it cannot abide by the terms of the settlement agreement is due to this Court's entry of a minute order, not because of any operation of FRCP 41 by way of a voluntary dismissal without prejudice. Moreover, it is only *after* the filing of this Motion did Plaintiff cite to cases which she believes supports her refusal to abide by the terms of the Settlement Agreement. That being the case, Plaintiff cannot argue that her refusal to dismiss the case with prejudice was taken in good faith.[2]

Notably, Docket entry no. 40 reflects that Plaintiff filed a "Stipulation of Dismissal *without prejudice*" which was signed by all of the parties. For this simple fact, Plaintiff's authorities are not on point. Rather, they all deal with situations where Plaintiff's individually filed stipulations to dismiss. None of the cases deal with a court of enforcing the very relief she

---

[2] Given the fact that there are no cases cited by Plaintiff which directly hold that she was prohibited from dismissing this case with prejudice after this Court's October 12th Minute Order, Plaintiff should have abided by the terms of the Settlement Agreement. Even if this Court were to later find that jurisdiction was lacking for the entry of her dismissal with prejudice, there would have been no grounds (or jurisdiction) to sanction Plaintiff from abiding by the terms of the Settlement Agreement. But by <u>refusing</u> to comply with the terms, and failing to cite to a single case on point prohibiting her from complying with the terms of the Settlement Agreement, Plaintiff's current counsel has exposed Plaintiff to the possibility of sanctions.

3

agreed to provide – the filing of a dismissal *with* prejudice upon the tender and clearing of settlement proceeds.

For example, *Smith v. Potter*, 513 F.3d 781, 782-3 (7th Cir. 2008) is not on point as it dealt with a plaintiff seeking to voluntarily dismiss her case *without the consent of the defendant*. In *Smith*, the plaintiff filed notice of dismissal of prior proceeding before the defendant served either answer or motion for summary judgment. Moreover, the plaintiff's dismissal explained that plaintiff "no longer wishes to proceed with the complaint." Under those circumstances, the Seventh Circuit held that the district court could not impose conditions on the plaintiff in relation to its voluntary dismissal. This is not the case here. Rather, pursuant to a settlement agreement, the parties settled the case and Plaintiff agreed to dismiss her case with prejudice after the settlement funds cleared. *Smith* cites to *Marques v. Federal Reserve Bank of Chicago,* 286 F.3d 1014, 1018 (7th Cir. 2002). *Marques* is not on point as that case is similar to Smith in the sense that the plaintiff bond holders filed motion to voluntarily dismiss and thereafter the United States filed motion to dismiss. Thereafter, the district court granted summary judgment for United States, and the bond holders appealed. The Seventh Circuit held that alleged bearer bond holders had absolute right to voluntary dismissal. Again, this case does not deal with the Plaintiff's right to voluntarily dismiss this case. Rather, this case deals the dismissal of prejudice without prejudice where Plaintiff agreed to dismiss her case with prejudice after the settlement funds cleared.

*Beck v. Caterpillar, Inc.,* 50 F.3d 405, 407 (7th Cir. 1995) and *Commercial Space Mgmt. Co. v. Boeing Co.,* 193 F.3d 1074, 1077 n. 4 (9th Cir. 1999) are also distinguishable as the (like Smith and Marques), dealt with plaintiffs (rather than the parties) who filed voluntary dismissals. *United States v. One 1997 E35 Ford Van*, 2010 U.S. Dist. LEXIS 26909 (N.D. Ill. 2010) is

distinguishable as it dealt with the United State's voluntarily dismissal of a forfeiture proceeding, and not the dismissal of a civil suit pursuant to the terms of a settlement agreement which required the plaintiff to dismiss the suit with prejudice upon the tender of settlement funds (as is the case here). *Bryan v. Smith,* 174 F.2d 212, 214 (7th Cir. 1949) is distinguishable because the district court entered an order dismissing the case *with prejudice*. Here, the October 12, 2011, order that was entered was *without* prejudice.

Notably, Plaintiff has cited to additional cases which she did not rely upon in objecting to attorney Burke's Motion to Withdraw. This undermines her assertion that her attorney conducted all of the necessary research to *object* to abiding by the terms of the settlement agreement. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 376-77 (1994), involved a distinguishable set of facts at the parties stipulated to the dismissal of this case *with prejudice*. *Id*. at ("the parties executed a Stipulation and Order of Dismissal with Prejudice"). While Plaintiff relies heavily on this case, it is notable that Plaintiff tempers here reliance by stating that *Kokkonen* "is factually similar to this case." Plaintiff's Response, dkt. 6 (emphasis applied). As Plaintiff evidently recognizes, the Supreme Court has apparently never dealt with the circumstances involved in this case.

*Goulding v. Global Med. Prods. Holdings, Inc.*, 394 F.3d 466, 468 (7th Cir. 2005) is also not on point as it primarily dealt with whether diversity jurisdiction existed to allow the lower court to entertain the terms of the settlement. The court found that the amount in controversy, did not exceed $75,000. Here, Plaintiff's cursory argument that diversity jurisdiction does not exist is not well taken as the monetary amount in question has been redacted). Moreover, unlike the case here, the magistrate judge dismissed the underlying case with *prejudice*. See Exhibit A (Minute Order dated 3-12-2004, "The Court has received evidence that the defendant has made

5

the interest payment required by the Court's 3/11/04 order. Accordingly, the Court hereby dismisses this action with prejudice and without costs pursuant to settlement. Case terminated."). Here, no similar order was entered. Similarly, *Dal Pozzo v. Basic Mach. Co.*, 463 F.3d 609, 611 (7th Cir. 2006) is not poin point as there the district court dismissed the case *with prejudice*. Since this case was merely dismissed without prejudice, this Court has jurisdiction to enforce its terms.

Finally, *Kay v. Bd. of Educ.*, 547 F.3d 736, 737 (7th Cir. 2008) is not point as the court again dealt with analyzing whether jurisdiction existed for a case dismissed *sua sponte* by the district court based upon the district court's determination that an arbitration clause applied. Moreover, the breach of the underlying settlement arose prior to the filing of the suit in federal court. Here, Defendant argues that Plaintiff violated the terms of the parties' settlement agreement which resulted from the filing of a claim (purportedly) under federal law.

Oddly, Plaintiff cites to *Ehrlich v. Peters*, 01 C 4277, 2007 U.S. Dist. LEXIS 86131 * 11 (N.D. Ill. Nov. 27 [sic], 2007) in an effort to suggest that defense counsel should be aware that "[t]his Court has held that a plaintiff's prior release in a settlement claim would bar that plaintiff from being able to assert a released claim arising from the same conduct alleged or could have been alleged in a subsequent complaint." Plaintiff's Response, p. 8. Plaintiff's reliance on *Ehrlich* is misplaced as Mr. Ehrlich's original case was dismissed with prejudice, unlike the present case. *See* Exhibit B, minute order dated 1/24/2003 ("this case is dismissed with prejudice in accordance with the Settlement Agreement and General Release and the stipulation to dismiss. All pending motions are moot terminating case.").³ Whether a future claim by

---

³ The record in the *Ehrlich* case reflects that attorney Vlahakis did not represent the movants in the underlying motion that resulted in the Court's November 21, 2007 minute order.

6

Plaintiff would be barred by the terms of the release is irrelevant. Plaintiff has refused to abide by the terms in this case, and she appears to take the position that fact that this case was settled is confidential. Should a new action be filed, it is likely that Plaintiff would object to the introduction of the Settlement Agreement if Defendant moved to dismiss. *See* Exhibit B to Plaintiff's Response (where her counsel attempts to argue that the existence of a settlement is privileged).

### Plaintiff's Request for Fees Pursuant to Section 1927 Should Be Denied

Plaintiff argues (without separately moving) that defense counsel (attorney James C. Vlahakis) should be sanctioned for failing to accept Plaintiff's counsel's statement that the Motion to Enforce would be considered vexatious. Plaintiff's request for fees is misplaced as not motion is before the court. Plaintiff's request is also off based because in the same breath, Plaintiff claims that this Court lacks jurisdiction to enforce the terms of the settlement agreement. Plaintiff cannot have it both ways. Accordingly Alternatively, because none of the cases *directly* support Plaintiff's position, it would be in appropriate to award sanctions against Defendant, because the denial of the present motion can only result from this Court finding that it lacks jurisdiction to take *any further action in this case*.

Even if this Court were to *sua sponte* consider fees against attorney Vlahakis, no fees would be awarded because none of the cases cited by Plaintiff are on point.[4] In any event, it

---

[4] Because none of the cases cited by Plaintiff were on point, there was not need for Defendant to cite to any decision supporting the relief that Plaintiffs seeks. That is because the court *still has jurisdiction* to entertain the present motion. In other words, because the law does not prohibit the relief that Defendant seeks, it is not required to discuss irrelevant cases which are non on point. To suggest that Defendant should distinguished these (off-point) cases in its initial Motion makes no sense and would only require Defendant to incur additional fees.

7

should go without saying that a party can attach a settlement agreement to a motion to enforce without violating FRE 408. Here, Plaintiff does not contend that Defendant violated FRE 408.

### Plaintiff's Additional Arguments Should Be Rejected

Plaintiff also makes a meritless argument that sanctions are warranted because defense counsel omitted certain information related to the terms of the settlement:

> Defendant's entire motion is based on a *material omission*, hiding from the Court that as a condition precedent to the settlement agreement Defendant required, "The immediate dismissal without prejudice."

Plaintiff's Response, p. 10. Plaintiff's argument makes no sense. The underlying Motion to Enforce does not argue that Plaintiff failed to fulfill this obligation. Rather, this Motion is about whether Plaintiff failed to abide by paragraph 3 of the Settlement Agreement. Accordingly, whether Plaintiff complied with *one* of the terms of the settlement agreements is beside the point.

Plaintiff's Response ventures into uncharted territory when it *speculates* that the Motion to Enforce was filed in a vicious effort to derail Plaintiff's adequacy in another pending putative class action before Judge Holderman. Response, p. 13. That is a bizarre argument to make and it runs contrary to a defendant's right to argue that a class member is inadequate because he or she (whether as a plaintiff or next friend) has accepted a individual settlement in another case. Whether Plaintiff can serve as an adequate class representative given the conduct exhibited in this case is a matter (in refusing to abide by the terms of the Settlement Agreement or for the nature the agreement itself) that will be addressed before Judge Holderman. In short, this Court should not address Plaintiff's counsel's improper speculation as to the motive of this present Motion to Enforce. Having said that, a review of the transcript demonstrates that Plaintiff had absolutely no basis to object to answering the question posed (whether she was aware that this case was dismissed by way of settlement) on the grounds of attorney-client privilege.

8

**Conclusion**

Since none of the cases cited by Plaintiff are on point, and this case was dismissed *without* prejudice, this Court still has jurisdiction to enforce the terms, and require Plaintiff to dismiss here case with prejudice.  Further, this Court should award additional fees to Defendant as Plaintiff's opposition to the pending motions to Enforce and Withdraw (as to attorney Burke) should be considered vexatious litigation.  Finally, Plaintiff seeks relief for an alleged violation FRCP 5.2 without filing a separate motion by arguing that the name of the minor Plaintiff should not have been disclosed.  This argument is without merit, if this Court accepts Plaintiff's argument that this Court lacks jurisdiction.  If this Court has jurisdiction, redaction is proper but the record should reflect that there is absolutely no basis for Plaintiff to argue that Mr. Vlahakis' failure to redact the minor's signature (the only place where his full name appears on the Settlement Agreement) constitutes a wilful violation of FRCP 5.2.  Again, Plaintiff's Response offers nothing more than <u>speculation</u> as to Mr. Vlahakis' statue of mind.  *See* Plaintiff's Response, p. 4 "Given the circumstances under which Defendant's motion has been filed, it is unlikely that Mr. Vlahakis' filing of the minor's name was in error.").  What circumstances is Plaintiff referring to?  This is nothing more than unsupported speculation.  Again, the *error* is demonstrated by the fact that the agreement only refers to Plaintiff by its initials.

In conclusion, FRCP 1 mandates that cases be interpreted and resolved in a cost effective manner.  Here, rather than doing what she agreed to do, Plaintiff has required Defendant to move to enforce the settlement terms.  Significantly, Plaintiff did not cite to a single on point authority when she twice refused to abide by the terms, nor has she cited to any on point cases in opposing this Motion  For these reasons, sanctions should be awarded to Defendant pursuant to Section 1927.

/s/ James C. Vlahakis
Attorneys for Defendant, WILLIAM W. SIEGEL & ASSOCIATES

HINSHAW & CULBERTSON, LLP
222 N. LaSalle Street, Suite 300
Chicago, Illinois 60601
Telephone: (312) 704-3000
jvlahakis@hinshawlaw.com

## **CERTIFICATE OF FILING**

I hereby certify that on November 28, 2011, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system.

Respectfully submitted,

By:  /s/ James Vlahakis

James C. Vlahakis
HINSHAW & CULBERTSON LLP
222 North LaSalle Street, Suite 300
Chicago, IL 60601
312-704-3000
jvlahakis@hinshalaw.com